IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES A. COSTLOW,            :
                            :
        **Plaintiff,**     :
**VS.**                  :
                            :    **NO. 5:15-CV-268-MTT-CHW**
**DEPARTMENT OF**         :
**CORRECTIONS,** *et al.*,     :
                            :
       **Defendants.**    :
_____  :

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff James A. Costlow, who is presently incarcerated at the Macon State Prison in Oglethorpe, Georgia, has filed a complaint seeking relief pursuant to 42 U.S.C. § 1983.  Plaintiff also seeks to proceed without prepayment of the full filing fee. *See* 28 U.S.C. § 1915.

### I.    Motion to Proceed *in forma pauperis*

The undersigned has reviewed Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) and, based on his submissions, finds that Plaintiff is presently unable to pre-pay any portion of the filing fee.  The Court thus **GRANTS** Plaintiff's motions and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1).  This does not mean that the filing fee is waived.  Plaintiff is still required to pay the full amount of the $350.00 filing fee using the payment plan described in § 1915(b).  The Court's fee is not refundable regardless of the outcome of this case.  Plaintiff is thus responsible for paying the entire filing fee even if his lawsuit is dismissed.

## II.     Preliminary Screening

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). Having now done so, the undersigned **RECOMMENDS** that Plaintiff's claims against the Georgia Department of Corrections and Defendant Lockett be **DISMISSED without prejudice**. Plaintiff's claims against Defendant McLaughlin must proceed for further factual development.

### A. Standard of Review

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555 (first alteration in original).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Factual Allegations

Plaintiff's claims arise from his incarceration in Macon State Prison ("MSP"). According to his Complaint, Plaintiff notified Defendant McLaughlin, the MSP warden, that orderlies were being permitted to distribute food trays to other inmates in violation of prison procedures.  Plaintiff also notified Defendant McLaughlin that one particular orderly, D. McCrimmon, was threatening Plaintiff and spitting in his food.  Plaintiff also

states he notified Defendant Lockett, a corrections officer, that allowing orderlies to distribute food trays violated prison procedure.  (Compl. 5, ECF No. 1.)

On April 4, 2015, Plaintiff alleges he was assaulted by orderly McCrimmon during morning chow call.  Plaintiff states McCrimmon threw hot coffee on him and slammed the tray flap on Plaintiff's arm, causing a laceration to Plaintiff's elbow that required hospitalization and stitches.  *Id.*  Plaintiff contends Defendants McLaughlin and Lockett violated his constitutional rights, and he seeks compensatory and punitive damages and an investigation into the incident as the result of these alleged constitutional violations. *Id.* at 6.

### C.  Plaintiff's Claims

#### i.  *Claims against Defendants McLaughlin and Lockett*

Plaintiff alleges that Defendants McLaughlin and Lockett violated his constitutional rights by failing to act to protect Plaintiff from orderly McCrimmon's attack.  Claims that prison officials failed to prevent one inmate from assaulting another may be cognizable under the Eighth Amendment to the United States Constitution.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation.  *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).  To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly

4

disregarded that risk. *Id.* at 1332. Negligent failure to protect an inmate from attack will not support a § 1983 claim. *See id.*

Plaintiff contends that he informed Defendant McLaughlin not only of a general policy violation, but of the fact that he had been threatened by orderly McCrimmon in particular. (Compl. 5.) Construing Plaintiff's claims liberally, as the Court must at this stage of the litigation, the undersigned concludes Plaintiff's Eighth Amendment claims against Defendant McLaughlin must proceed for further factual development.

To the extent Plaintiff attempts to bring a failure-to-protect claim against Defendant Lockett, however, Plaintiff fails to state a claim. To be held liable under section 1983, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam) (noting that a prison official must be aware of "specific facts" from which an inference of substantial risk of serious harm could be drawn). Plaintiff has not suggested that Defendant Lockett had any particularized knowledge that orderly McCrimmon posed a specific threat to Plaintiff. *Farmer*, 511 U.S. at 842-43. Absent such knowledge, Defendant Lockett cannot be said to have been deliberately indifferent to Plaintiff's safety. *See Carter*, 352 F.3d at 1349-50 (holding that plaintiff failed to establish that prison officials had a subjective awareness of a substantial risk of serious physical threat to plaintiff in part because plaintiff did not allege that he had communicated a specific threat or fear to the prison officials); *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam) (prison official not constitutionally liable for

failing to prevent attack where prisoner did not tell prison official he had been threatened, that a fight was imminent, or that prisoner feared an attack); *see also McBride v. Rivers*, 170 F. App'x 648, 655 (11th Cir. 2006) (per curiam).   The undersigned therefore **RECOMMENDS** that Plaintiff's claims against Defendant Lockett be **DISMISSED without prejudice.**

### ii.   Claims against the Department of Corrections

Plaintiff has not made any specific factual allegations against the Department of Corrections, and thus the basis for Plaintiff's claims against the Department is unclear. His claims against the Department would be subject to dismissal on that ground alone. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).   Further, the Georgia Department of Corrections is a state entity entitled to Eleventh Amendment immunity.   *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections[.]"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (states and governmental entities that are considered "arms of the state" are not considered "persons" capable of being sued under § 1983).   Accordingly, it is **RECOMMENDED** that Plaintiff's § 1983 claims against the Georgia Department of Corrections be **DISMISSED without prejudice.**

### III.   Conclusion

Based on the foregoing, the undersigned **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) but **RECOMMENDS** that any claims against Defendant

Lockett and the Georgia Department of Corrections be **DISMISSED without prejudice.** The undersigned finds that Plaintiff's claims against Defendant McLaughlin must proceed for further factual development.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant McLaughlin, it is accordingly **ORDERED** that service be made on this Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court

and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was

8

accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be

required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account

10

to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED AND RECOMMENDED**, this 22nd day of December, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge