IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES A. COSTLOW, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-268 (MTT) |
| DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| Defendants. | ) |

# ORDER

Defendants McLaughlin and Lockett filed motions to dismiss asserting that Plaintiff Costlow failed to exhaust his administrative remedies as to his claims against them in this action. Docs. 19; 26. Magistrate Judge Charles H. Weigle recommends allowing Costlow's claims against Lockett to proceed and dismissing the claims against McLaughlin for failure to exhaust administrative remedies. Doc. 37 at 10-11. Costlow objected, arguing he exhausted his administrative remedies as to his claims against McLaughlin (Doc. 38), McLaughlin responded (Doc. 39), and Costlow replied (Doc. 40). Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed Costlow's objection and has made a de novo determination of the portions of the Recommendation to which he objects.

The Magistrate Judge recommends allowing Costlow to pursue his claim against Lockett because Costlow timely filed Grievance 193961 and pursued it on appeal, despite Warden McLaughlin's improper refusal to consider the grievance. Doc. 37 at 7-10, 11. (Grievance 193961 and follow-up Grievance 195131 asserted that Lockett was deliberately indifferent to Costlow's warnings of threats against him by fellow inmate McCrimmon. Docs. 23-1 at 2; 23-4 at 2) Lockett did not object, and the Court sees no

error in the Magistrate Judge's findings, conclusions, and recommendations as to Lockett.

The Magistrate Judge recommends dismissing Costlow's claim against McLaughlin because:

> Plaintiff acknowledges that Warden McLaughlin was not identified in either of his grievances and offers no explanation for the omission. Doc. 29, p. 2. In both of Plaintiff's grievances, Plaintiff specifically names Lockett as the responsible party. Doc. 23-1, p. 2; Doc. 23-4, p. 2. Absent from either grievance is any mention of McLaughlin or any description of his participation in the matter.
>
> McLaughlin is first named in Plaintiff's complaint. Doc. 1, p. 5. . . . . Plaintiff thus failed to inform prison officials of McLaughlin's participation in the matter, although McLaughlin's identity was known and reasonably available to Plaintiff at the time of his grievances. Because Plaintiff did not pursue administrative remedies as to any claims against McLaughlin, his claims against Defendant McLaughlin are subject to dismissal.

Doc. 37 at 8.[1]  The Court agrees.  Costlow failed to grieve in his complaint "as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as [he] reasonably [could] provide," in regard to McClaughlin.  *See Brown v. Sikes*, 212 F.3d 1205, 1210 (11th Cir. 2000).  From the face of Grievance 193961 (as well as Grievance 195131), it appears that Costlow's claims are solely against Lockett.  *See* Doc. 23-1; *see also* Doc. 23-4.  Costlow's statements make clear

---

[1]  According to the Recommendation, "The complaint states that Warden McLaughlin was informed via 'in house mail' that SOPs were 'being violated by orderlies being allowed to serve trays' improperly." *Id.* The Recommendation continues: "[t]hese allegations are not raised in either grievance number 193961 or 195131[,]" (*see id.*), arguably implying that Costlow's alleged letter to McLaughlin had no clear link to Grievances 193961 and 195131.  However, in his complaint, Costlow alleges that his letter(s) specifically notified McLaughlin about McCrimmon's threats (which, as noted above, were the subject matter of Grievances 193961 and 195131).  Doc. 1 at 4 ("I wrote Warden McClaughlin on 03/24/15 + addressed threats"), 5 ("I notified Warden McClaughlin via in house mail that S.O.P. was being violated by orderlies being allowed to serve trays in the H-1 (SHU) + that orderly D McCrimmon was threatening me + spitting in my food.").  This does not lead the Court to a different conclusion.  As explained more fully hereinafter, Costlow failed to exhaust his administrative remedies because he chose not to identify McClaughlin in his grievances.

that he could have, but chose not to, include his deliberate indifference claim against McClaughlin in his grievances against Lockett, and that he only decided to pursue action against McClaughlin after McClaughlin denied his grievances against Lockett. Doc. 40 at 2.

Costlow argues that McClaughlin's wrongful refusal to consider his grievances against Lockett excuse his need to exhaust his administrative remedies as to McClaughlin. *Id.* at 2-4. As noted above, the Magistrate Judge correctly concluded that McClaughlin's refusal to consider Grievance 193961 was wrong (and accordingly Costlow exhausted his remedies as to Lockett). Doc. 37 at 7-10, 11. But McClaughlin's wrongful refusal to consider Grievance 193961 has no bearing on whether Costlow exhausted his remedies as to McClaughlin. No amount of McClaughlin's mishandling of grievances against Lockett can help Costlow satisfy or excuse his obligation to pursue administrative remedies as to his claims against McClaughlin.

Accordingly, the Court **ADOPTS as clarified** the findings, conclusions, and recommendations of the Magistrate Judge. McLaughlin's Motion to Dismiss (Doc. 19) is **GRANTED,** and Lockett's Motion to Dismiss (Doc. 26) is **DENIED**. The Plaintiff is reminded of his duty to keep the clerk of court and all opposing attorneys advised of his current address, his duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's order.

**SO ORDERED,** this 22nd day of December, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT